UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD YUSEPH BALZA CORONEL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No.  1:26-cv-04757-DAD-JDP (HC)<br><br>ORDER DENYING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT<br><br>(Doc. Nos. 1, 2) |

On June 22, 2026, petitioner filed a combined petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and motion for temporary restraining order seeking his immediate release from custody.  (Doc. No. 1.)  On June 25, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)

On June 25, 2026, respondent filed an answer to the petition arguing that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2), which mandates detention for ninety (90) days following the entry of a final removal order.  (Doc. No. 6.)  Respondent contends that petitioner was ordered removed by an immigration judge ("IJ") on April 21, 2026, he had

1

until May 21, 2026 to appeal the IJ's order, and petitioner failed to perfect his appeal within that period of time.  (*Id.* at 3; 6-3 at 2; 6-4 at 1–3.)  An order of removal becomes administratively final thereby triggering the 90-day mandatory detention period when a noncitizen fails to appeal an IJ's removal order within the time allotted to do so.  *Barrientos Vasquez v. Warden*, No. 1:26-cv-03190-DAD-CKD (HC), 2026 WL 1693818, at *2 (E.D. Cal. June 11, 2026) (concluding that the 90-day mandatory detention period began on the day after the deadline to appeal the IJ's removal order expired without an appeal being lodged with the Board of Immigration Appeals); *Gomez v. ICE Field Off. Dir.*, No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *6 (W.D. Wash. Jan. 27, 2026) ("To the extent petitioner did not appeal the IJ's order of removal to the BIA by the December 31, 2025, deadline and his removal order became final on that date, he is within the 90-day mandatory detention window of § 1231(a)(2)."), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-cv-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026).  Accordingly, petitioner's removal order became final on May 22, 2026 and he is currently subject to the 90-day mandatory detention period.

Respondent states that it does not request a hearing and argues that the court should deny the pending petition for writ of *habeas corpus*.  (Doc. No. 6 at 2.)  Accordingly, the court will reach the merits of the underlying petition and will deny petitioner's petition for writ of *habeas corpus* without prejudice to its refiling in the event that the mandatory detention period lapses and petitioner remains in custody past that date.

For the reasons above,

1.    Petitioner's petition for writ of *habeas corpus* and motion for temporary restraining order (Doc. No. 1) are DENIED as follows:

a.    Petitioner's petition for writ of *habeas corpus* is DENIED without prejudice to its refiling following the lapse of the ninety-day mandatory detention period set by 8 U.S.C. § 1231(a)(2);

b.    Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order;

/////

2

2.      Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED; and

3.      The Clerk of the Court is directed to enter judgment in favor of respondent and to close this case.

IT IS SO ORDERED.

Dated:   **July 1, 2026**                     _____

                                       DALE A. DROZD
                                       UNITED STATES DISTRICT JUDGE

3